(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
## Western District of New York

Case No. **23 CV 6317** DGL

*(to be filled in by the Clerk's Office)*

Nathaniel Myers ICN# 23321

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Det. Adam Wigdorski, Det. Christopher Gerace, Det. Paul Fitzpatric, P.O. Joseph Christopher, Erie County, New York, City of buffalo police Department,

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

JURY TRIAL: Yes ✓ No ___

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

- Name: Nathaniel Myers
- All other names by which you have been known: N/A
- ID Number: ICN# 23321
- Current Institution: Erie County Correctional Facility
- Address: 11581 Walden Ave
  - City: Alden
  - State: N.Y.
  - Zip Code: 14004

### B. The Defendant(s)   (See attachment EXHIBIT A - for additional Defendants)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**
- Name: Det. Adam Wigdorski
- Job or Title (if known): City of Buffalo, NY Police Officer
- Shield Number: N/A
- Employer: City of Buffalo, N.Y. Police Department
- Address:
  - City:
  - State:
  - Zip Code:
- [✓] Individual capacity  [✓] Official capacity

**Defendant No. 2**
- Name: City of Buffalo - Erie County, New York
- Job or Title (if known):
- Shield Number:
- Employer: N/A
- Address:
  - City:
  - State:
  - Zip Code:
- [✓] Individual capacity  [✓] Official capacity

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
Name: State of New York
Job or Title (if known):
Shield Number:
Employer: N/A
Address:
City / State / Zip Code
[✓] Individual capacity   [✓] Official capacity

Defendant No. 4
Name: PO Joseph Cristopher
Job or Title (if known): City of Buffalo, N.Y. Police Officer
Shield Number: N/A
Employer: City of Buffalo N.Y. Police Department
Address:
City / State / Zip Code
[✓] Individual capacity   [✓] Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

4th Amendment Unlawful Search and Seizure, 14th Amendment Due process, and equal protections rights

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*The defendants who were acting as agents under color of State law and performing goverment functions, unreasonably violated the Plaintiff's rights or failed to protect, interview and or train*

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [x] Other *(explain)* *Sentencing has been temporarly set aside*

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*47 Oberlin Street Buffalo N.Y., on about feb 10th and 14th, 2021*

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

*N/A*

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

C. What date and approximate time did the events giving rise to your claim(s) occur?

Feb 10th and 14th, 2021

D. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

Defendant Detectives, stoped, search and arrested me in violation of my 4th amendment against unlawful search and seizure protected by the constitution.
(See Attachment "Decision and order" that evidence and Statements resulting from Febuary 14, 2021 car stop was granted

V. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

VI. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Compensation for Emotional distress, Punitive damages, Loss of wages, Loss of liberty, loss of time ---- not to exceed 2 Million

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

### VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes
☒ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes
☐ No
☒ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes
☐ No
☒ Do not know

If yes, which claim(s)?

N/A

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes     N/A
☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes     N/A
☑ No

E. If you did file a grievance:

1. Where did you file the grievance?

   N/A

2. What did you claim in your grievance?

   N/A

3. What was the result, if any?

   N/A

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

   N/A

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

- **F.** If you did not file a grievance:

    1. If there are any reasons why you did not file a grievance, state them here:

        N/A

    2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

        N/A

- **G.** Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

    I recieved a favorable decision by Hon. Judge Paul B. Wojtezak, in regards to this claim (See Attachment: court order)

    *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes
   ☒ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 6th, 2023

Signature of Plaintiff: Nathaniel Myers
Printed Name of Plaintiff: Nathaniel Myers
Prison Identification #: ICN# 23321
Prison Address: Erie Co. Corr. Fac. / 11581 Walden Ave
Alden, NY, 14004
City   State   Zip Code

### B. For Attorneys

Date of signing: _____

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

City   State   Zip Code

Telephone Number
E-mail Address

EXHIBIT - A (for additional Defendants)

Defendant NO. 5
    Name: PO. William Folckemer
    Job or title: City of Buffalo, NY Police Officer
    Shield number: N/A
    Employer: City of Buffalo, N.Y. Police Department
    Address: N/A

☑ individual capacity ☑ Official capacity

Defendant NO. 6
    Name: City of Buffalo Police Department
    Job or title:
    Shield number:
    Address:

☑ individual capacity ☑ Official capacity

Statement of Claim
Part IV(D) attachment on page 5, continued

Detective defendants _____ and _____, both Buffalo, N.Y. city Police officers search and arrested me in violation of my rights against unreasonable search and seizure on Feb. 14th, 2021, in the matter of People of the State of New York v Nathaniel Myers, Indictment No: 00286-2021, in the city of Buffalo, New York, on Oberlin Street. More specifically the police did not have probable cause to stop, search or arrest me on said date and time but did so anyway. This illegal search and detention is evidenced by the judges order in this matter attached to this petition finding that my arrest and search were illegal.

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

The People of the State of New York,

vs

NATHANIEL MYERS,

Defendant.

INDICTMENT NO.
00286-2021

---

John J. Flynn, III, Esq.
Erie County District Attorney
BY: David M. Zak, Esq.
Assistant District Attorney
Attorney for the People

James Quinn Auricchio, Esq.
Attorney for the Defendant Nathaniel Myers

**DECISION AND ORDER**

**PAUL B. WOJTASZEK, J.S.C.**

Defendant Nathaniel Myers (hereinafter "the defendant") is charged by this indictment with Criminal Possession of a Weapon in the Second Degree, Penal Law § 265.03(3); and two counts of Criminal Possession of a Controlled Substance in the Seventh Degree, Penal Law § 220.03, all related to allegations that occurred on or about February 14, 2021.

1

The defendant filed an omnibus motion and affidavit of counsel in support of James Quinn Auricchio, Esq., sworn to on October 31, 2021. The People filed the answering affidavit of Matthew S. Szalkowski, Esq., sworn to on December 16, 2021.

The defendant moved to suppress the physical evidence seized pursuant to Section 710.20 of the Criminal Procedure Law as well as statements he made. A hearing was conducted pursuant to *Mapp v Ohio* (367 US 643 [1961]), *Dunaway v New York* (442 US 200 [1979]), and *People v Ingle* (36 NY2d 413 [1975]). A hearing to suppress statements was also conducted pursuant to *People v Huntley* (15 NY2d 72 [1965]). Officers William Folckemer and Joe Christopher as well as Detective Christopher Schafer of the Buffalo Police Department testified. The hearing was conducted over two days on May 3, 2022 and June 27, 2022.

The Motion also challenges the search warrant issued by Hon. Christopher Burns, J.S.C. on February 14, 2021 that allowed for the search of defendant's residence located at 47 Oberlin Avenue, Apartment rear, Buffalo, New York 14211.

## Findings of Fact and Conclusions of Law:

On February 14, 2021 Officer William Folckemer was working with Officer Joe Christopher on routine patrol in uniform and in a marked patrol vehicle in the City of Buffalo when he observed a red SUV parked with the engine running with two occupants that matched a BOLO ("be on the lookout") (Exhibit 4) that had been issued on February 10, 2021 for a person considered armed and dangerous. Officer Christopher received a call from Detective Paul Fitzpatrick that there was a person in that car wanted by other detectives for questioning. Officer Folckemer approached the parked vehicle on the driver's side and began talking with the driver, the defendant.

2

He learned the defendant did not have a valid driver's license and he also noticed an open container of alcohol in the car. He issued the defendant three Vehicle & Traffic Law tickets: falsifying a temporary registration; unregistered motor vehicle; and unlicensed operator (Exhibits 6-8).

The occupants were told to exit the vehicle. The defendant was detained in handcuffs, placed in the back of the patrol car, and taken into custody at the request of Detective Fitzpatrick based on possible charges unrelated to the charges arising out of the car stop. Officer Folckemer then searched the car without a warrant looking for potential contraband, specifically weapons based on the BOLO. He did not find anything. The defendant was then taken to headquarters where he was interviewed by detectives for several hours (Exhibits 2 and 3). Before the interview Officer Christopher conducted a pat search of the defendant prior to removing his handcuffs to ensure officer safety during the interview. At that time he noticed a lump in the defendant's right sock that the defendant indicated was crack cocaine. Officer Folckemer recovered the crack cocaine from the defendant's boot and finished searching him.

At police headquarters Detective Christopher Schafer interviewed the defendant first. He read the appropriate *Miranda* warnings (Exhibit 9) and the defendant acknowledged he understood them (Exhibit 2). Thereafter lead Detective Wigdorski also questioned the defendant until the defendant indicated he no longer wished to speak, at which time the detective stopped asking questions and left the interview room. When the interview ended the defendant was taken to Central Booking for processing.

At the conclusion of the hearing the defendant argued, among other things, that there was no lawful basis for the seizure of the defendant. As such, anything subsequently seized from his person and any statements he made despite being read his *Miranda* warnings, should all be suppressed as fruit of the poisonous tree.

3

The People contend that the seizure was lawful because the police observed an open container and the statements were voluntarily made after *Miranda* warnings were given and the defendant understood them before waiving them.

*Lawfulness of police activity*:

Initially, the People have the burden at a suppression hearing of showing the legality of the police conduct in the first instance (*see People v Baldwin*, 25 NY2d 66, 70 [1969]; *People v Ponce*, 203 AD3d 1628 [4th Dept 2022]). Once the People have met this burden, it is the defendant that bears the burden of proving any illegality of the police conduct (*see People v Berrios*, 28 NY2d 361 [1971]; *People v Baldwin*, 25 NY2d 66 [1969]).

To meet their burden the People must demonstrate the officers' intrusion was justified pursuant to *DeBour*'s four level of intrusion analysis (*see People v DeBour*, 40 NY2d 210, 223 [1976]).

In order to stop a moving vehicle, a police officer must have reasonable suspicion that its occupants have committed a crime or observe a Vehicle and Traffic Law violation (*People v May*, 81 NY2d 725 [1992]; *People v Ingle*, 36 NY2d 413 [1975]; *People v Rose*, 67 AD3d 1447 [4th Dept 2009]). Since the car here was stopped on its own, the officers only needed an articulable basis to approach the parked car (*see People v Ocasio*, 85 NY2d 982 [1995]).

When it was discovered the driver did not have a valid license it was lawful for the officers to ask the occupants to exit the car because there was probable cause to arrest the driver based on his failure to produce a valid license (*see People v Brown*, 198 AD3d 1370 [4th Dept 2021]). Additionally, a police officer is permitted to order the occupants of a stopped vehicle to either exit or remain inside to enable him or her to conduct the applicable appropriate investigation or inquiry

4

with safety (*see People v Robinson*, 74 NY2d 773 [1989]; *People v Forbes*, 283 AD2d 92 [2nd Dept. 2001]). However, such authority must be exercised reasonably while simultaneously respecting the occupants' constitutional rights against unreasonable searches and seizures.

The subsequent actions of searching the vehicle without a warrant, seizing the defendant without a warrant, and taking the defendant into custody for questioning on a wholly unrelated series of allegations were unlawful and well beyond the permissible scope of the initial approach. As such, the evidence seized subsequent to the stop (most notably the crack cocaine taken from the defendant's sock) as well as any statements by the defendant when he was interviewed later that day must be suppressed. When the initial justification for seizing and detaining the defendant is complete, any further detention exceeds the scope of lawful police activity (*see People v Peterson*, 266 AD2d 738, 739-740 [3rd Dept 199]; *People v Pena*, 242 AD2d 545, 546 [2nd Dept 1997]) (internal citations omitted).

In sum, the police activity was lawful at the outset, but in response the defendant has shown by a preponderance of the evidence that the police then acted unlawfully. Therefore the motion to suppress the evidence pursuant to the car search is granted.

*Search Warrant*:

Upon review of the search warrant documents, this Court hereby finds after due consideration and deliberation that the two-part *Aguilar-Spinelli* test has been satisfied in that the informant's reliability and basis of knowledge for the information imparted have been sufficiently established (*People v Baptista*, 130 AD3d 1541, 1542, 13 NYS3d 759 [4th Dept 2015])(internal citations omitted). This Court further finds the search warrant is supported by probable cause, specifically the search warrant is supported by information sufficient to support a reasonable belief

5

that an offense has been or is being committed or that evidence of a crime may be found in a certain place (*People v Harper*, 236 AD2d 822, 823, 653 NYS2d 771 [4th Dept]; *People v Bigelow*, 66 NY2d 417 [1985]).

The Court acknowledges that some of the information contained in the warrant application was procured as the result of unlawful police activity associated with the stop and subsequent seizure and statements of the defendant (specifically the references in the warrant application to the seizure of the cocaine and the defendant confirming his address). However, to the extent that any portion of the warrant is invalid because it was based on information procured as a result of unlawful police activity, the severability doctrine permits the court to set the offensive portion aside and make a probable cause determination on the balance of the information contained in the application. Under this analysis the warrant is valid as it is based upon the requisite probable cause and this Court hereby determines that none of the evidence seized pursuant to the warrant needs to be suppressed (*see People v Brown*, 96 NY2d 80, 85 [2001]; *see also People v Hansen*, 38 NY2d 17 [1975]).



Finally, this Court has considered and reviewed the defendant's arguments that the warrant was not adequately particularized and that the application relied upon stale information. Neither of these arguments is persuasive or compels a different result.  Re Argue

As such the evidence seized pursuant to the warrant should not be suppressed and the defendant's motion is denied as relates to evidence seized pursuant to the lawful warrant.

*[Handwritten note: RE Argue the motion and be public straight forward about the particularity concerning the search of the Attic the warrant was never for the Attic! No common AREA It was for the REAR Apt.]*

6

For all the foregoing reasons, it is hereby:

ORDERED, that the defendant's motion to suppress evidence and statements resulting from the February 14, 2021 car stop is granted, and it is hereby,

ORDERED, that the defendant's motion to suppress evidence seized pursuant to the lawful execution of the search warrant is denied.

This decision and order constitutes the order of this Court.

DATED:   Buffalo, New York
         September 19, 2022

_____
PAUL B. WOJTASZEK
Supreme Court Justice