PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

NATHANIEL MYERS,

                      Plaintiff,

   -v-                                                      23-CV-6317DGL
                                                                      ORDER

OFFICER WILLIAM FOLCKEMER,
OFFICER JOE CHRISTOPHER, DET.
CHRISTOPHER SCHAFER, DET. ADAM
WIGDORSKI, CITY OF BUFFALO,

                      Defendants.

───────────────────────────────

      *Pro se* plaintiff Nathaniel Myers, who is currently incarcerated at the Erie County Correctional Facility, instituted this action under 42 U.S.C. § 1983. (Dkt. # 1). The Court granted Plaintiff's motion to proceed *in forma pauperis* and screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (Dkt. # 3). Plaintiff was granted permission to file an amended complaint with regard to his false arrest, illegal search and seizure, equal protection, due process, and municipal liability claims. (*Id.* at 13).[1] The remaining claims were dismissed without leave to replead. (*Id.* at 12-13).

      Plaintiff timely filed an amended complaint, which the Court has screened. (Dkt. # 4). For the reasons below, Plaintiff's claims for false arrest and illegal search and seizure may proceed to service against defendants Officer William Folckemer ("Folckemer"), Officer Joe Christopher ("Christopher"), Detective Christopher Schafer ("Schafer"), and Detective Adam Wigdorski

───────────────────────────────

[1] Unless otherwise noted, the Court refers to the pagination automatically generated by the CM/ECF system and located in the header of each page.

("Wigdorski") in their individual capacities. Since the amended complaint fails to state a plausible claim of municipal liability, the City of Buffalo is dismissed as a defendant, and the official capacity claims against Folckemer, Christopher, Schafer, and Wigdorski and are dismissed without leave to replead under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The amended complaint also fails to state a plausible violation of the Fourteenth Amendment's equal protection clause. Further attempts to amend this claim would be futile, and it is dismissed without leave to replead under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**DISCUSSION**

I.  **SCREENING UNDER 28 U.S.C. §§ 1915 AND 1915A**

Sections 1915 and 1915A "provide an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1)-(2); 1915(e)(2)(B)(i)-(iii) (articulating identical criteria for dismissal).

Though a *pro se* complaint alleging civil rights violations must be construed "liberally," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), it still must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing plausibility, a court must accept all factual allegations as true and draw all inferences in the plaintiff's favor. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

**II.     SECTION 1983 CLAIMS**

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

Section 1983 imposes liability "only upon those who actually cause a deprivation of rights," and the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).  The Second Circuit has clarified that in the wake of *Iqbal*, "there is no special rule for supervisory liability."  *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).  "[A] plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id* (internal quotation marks omitted).

The amended complaint is substantially the same as the original Complaint, which the Court construed as alleging the following § 1983 claims: (1) illegal search and seizure in violation of the Fourth Amendment; (2) false arrest in in violation of the Fourth Amendment; (3) violation

3

of the Fourteenth Amendment's due process and equal protection clauses; and (4) municipal liability.

### A.   Fourth Amendment Claims (Illegal Search and Seizure, and False Arrest)

In its previous screening order, the Court observed that the complaint lacked any facts regarding the status of Plaintiff's criminal proceedings in state court, including whether they had terminated in his favor. (Dkt. # 3 at 6). Thus, it appeared that his Fourth Amendment claims were premature under *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.* at 5-9). The Court allowed Plaintiff an opportunity to amend his complaint to demonstrate why the favorable termination rule in *Heck*, 512 U.S. at 486-87, did not bar his Fourth Amendment claims. (*Id.* at 7, 9).

Plaintiff responded to this direction by asserting in the amended complaint that he "received a favorable decision in regard[] to the evidence suppressed by Hon. Judge Paul B. Wojteszak that does not implicate Plaintiff's pending prosecution or conviction" and "[w]ould not render confinement invalid." (Dkt. # 4 at 5). This suggests that Plaintiff received a favorable decision in addition to the favorable decision by Judge Wojteszak on part of his suppression motion. Plaintiff also states that his "sentencing has been temporarily set aside." (*Id.*).

In an attempt to clarify further the status of his criminal proceedings, the Court searched the docket in Plaintiff's case in Erie County Court.[2] The docket indicates that he was arrested on two charges: (1) second-degree criminal possession of a weapon (loaded firearm) in violation of N.Y. Penal Law § 265.03 and (2) seventh-degree criminal possession of a controlled substance (cocaine) in violation of N.Y. Penal Law § 222.03. A third count under N.Y. Penal Law § 222.03

---

[2] *See* New York State Unified Court System eCourts, WebCriminal, https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=case&docketNumber=U/oP0O_PLUS_pBC49RrgGDL2u4_PLUS_abwVaiKbew8EjMLnMDNcM=&courtType=U&countyId=Fa_PLUS_F_PLUS_pJdWJcIrpX5BsqidA==&docketId=WbfGvLKV9ZIIYAqvN_PLUS_0OFQ==&docketDseq=T/O1YN_PLUS_BG65HkOeqEnpAkw==&defendantName=Myers,+Nathaniel&county=&court=Erie+County+Court&recordType=U&recordNum= (last accessed Oct. 30, 2023).

4

for possession of cocaine was added via the grand jury indictment. Both of the drug charges were dismissed. Plaintiff alleges, and the state court stated in the suppression decision attached to the amended complaint, that no contraband was recovered during the search of Plaintiff's vehicle. (Dkt. # 4 at 14). Plaintiff was tried and found guilty after a non-jury trial on the weapons-possession count. Presumably, the gun was seized during the execution of an unrelated search warrant at Plaintiff's house. (*See id.* at 17).

The Court assumes that the dismissal of the drug charges is what Plaintiff means by the "favorable decision" following the suppression decision. Since Plaintiff does not challenge the search warrant's validity in this action, it is reasonable to infer that the prosecution on the drug charges, which stemmed from the allegedly unlawful arrest of Plaintiff after the stop of his vehicle, terminated in his favor.

The Court therefore finds that for purposes of initial screening, Plaintiff has plausibly alleged a "favorable termination" for purposes of allowing his Fourth Amendment claims to proceed to service. Moreover, the Court notes that there is some uncertainty in the Second Circuit about whether "favorable termination" is even a required element for false arrest claims. *See McGowan v. Town of Evans*, No. 15-CV-672-RJA-MJR, 2017 WL 5633389, at *7 (W.D.N.Y. Sept. 13, 2017) ("Although there exists some authority for the proposition that the absence of a favorable termination prohibits suits for both malicious prosecution and false arrest, more recent decisions from the Second Circuit and its district courts indicate that a favorable termination is not a required element for a false arrest claim.") (internal and other citations omitted), *report and recommendation adopted*, No. 15-CV-672-A, 2017 WL 5598855 (W.D.N.Y. Nov. 21, 2017). Accordingly, the individual capacity claims alleging false arrest and illegal search and seizure in

violation of the Fourth Amendment will proceed to service against Folckemer, Christopher, Schafer, and Wigdorski.

### B.     Fourteenth Amendment Equal Protection

In the previous screening order, the Court noted that the complaint included only the conclusory allegation that the individual defendants violated his rights under the equal protection clause of the Fourteenth Amendment and did not allege that he was treated differently than other similarly situated individuals or that the defendants acted with intentionally discriminatory animus. (Dkt. # 3 at 11).  The amended complaint includes the same conclusory assertion that Plaintiff's right to equal protection was violated without any supporting factual allegations.  Thus, it fails to remedy the pleading deficiencies previously identified and does not state a plausible equal protection claim.

Because the amended complaint does not suggest the existence of any facts that would allow Plaintiff to state a colorable Fourteenth Amendment claim, further leave to replead would be futile and is denied.  The equal protection claim accordingly is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### C.     Municipal Liability and Official Capacity Claims

The complaint did not allege that the unlawful arrest and search and seizure occurred because of a City of Buffalo policy or custom.  Therefore, the Court found that Plaintiff had not stated a plausible claim for municipal liability to be able to proceed against the defendants in their official capacities.  The Court informed Plaintiff that to the extent he sought to sue the defendants in their official capacities, he was required to allege that they acted pursuant to a policy or custom that had been adopted by the City of Buffalo.  (Dkt. # 3 at 11-12).

In his amended complaint, Plaintiff has named the City of Buffalo as a defendant.  He also has submitted an undated newspaper article finding that over two hundred officers from various law enforcement agencies in Erie County, including the police departments of the cities of Buffalo, Cheektowaga, Niagara Falls, and West Seneca, had been disciplined for misconduct since 2017. (Dkt. # 4 at 20-24).  Plaintiff posits that the result of the investigative report shows that the City of Buffalo maintained an official policy or custom of allowing officers to engage in misconduct and that, consequently, the defendants in his case necessarily must have committed unconstitutional actions.

Plaintiff, however, has not shown a plausible connection between the incidents of misconduct reported in the article and the defendants' actions or omissions in his case.  First and foremost, the report includes incidents of misconduct committed by officers *outside* the City of Buffalo Police Department.  Furthermore, the misconduct is not limited to the performance of the officers' official duties but covers a broad spectrum of behavior, including insubordination and workplace harassment, as well as activities that occurred off-duty such as domestic violence and drunk driving.  (*Id.* at 24).

The article does not contain any factual allegations plausibly suggesting that the incidents about which Plaintiff complains occurred pursuant to an official policy or custom of the City of Buffalo Police Department regarding arrests or searches and seizures.  Therefore, the amended complaint fails to state a plausible claim for municipal liability under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Because the amended complaint does not suggest the existence of any facts that would permit Plaintiff to allege a plausible claim of municipal liability, further amendment would be

futile. Accordingly, the claims against the City of Buffalo and the defendants in their official capacities are dismissed without leave to replead.

## CONCLUSION

For the reasons set forth above, the claims for false arrest and illegal search and seizure in violation of the Fourth Amendment may proceed to service against Folckemer, Christopher, Schafer, and Wigdorski in their individual capacities. The following claims are dismissed without leave to replead for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1): (1) the claim alleging a violation of the Fourteenth Amendment's equal protection clause; (2) the official-capacity claims against Folckemer, Christopher, Schafer, and Wigdorski; and (3) the municipal liability claim against the City of Buffalo. The City of Buffalo is terminated as a defendant. The Clerk of Court shall issue summonses for Folckemer, Christopher, Schafer, and Wigdorski. The United States Marshals Service shall serve the summonses and copies of the amended complaint (Dkt. # 4) and this order on Folckemer, Christopher, Schafer, and Wigdorski, who must answer the Fourth Amendment false arrest and unlawful search and seizure claims asserted against them in their individual capacities.

## ORDER

IT HEREBY IS ORDERED that the claims for false arrest and illegal search and seizure in violation of the Fourth Amendment may proceed to service against Folckemer, Christopher, Schafer, and Wigdorski in their individual capacities; and it is further

ORDERED that pursuant to 42 U.S.C. § 1997e(g)(2) and upon being served with the summons and amended complaint, Folckemer, Christopher, Schafer, and Wigdorski are directed to respond to the amended complaint, specifically, the Fourth Amendment claims for false arrest and illegal search and seizure asserted against them in their individual capacities; and it is further

ORDERED that the Clerk of Court is directed to issue summonses for Folckemer, Christopher, Schafer, and Wigdorski; and it is further

ORDERED that the United States Marshals Service shall serve the summonses and copies of the amended complaint and this order upon Folckemer, Christopher, Schafer, and Wigdorski, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in his favor; and it is further

ORDERED that the Clerk of Court shall mail the amended complaint and this order to Cavette Chambers, City of Buffalo Corporation Counsel, Department of Law, 65 Niagara Square, Room 1100, Buffalo, New York 14202; and it is further

ORDERED that the following claims are dismissed, without leave to replead, for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1): (1) the claim alleging a violation of the Fourteenth Amendment's equal protection clause; (2) the official-capacity claims against Folckemer, Christopher, Schafer, and Wigdorski; and (3) the municipal liability claim against the City of Buffalo; and it is further

ORDERED that the Clerk of Court shall terminate the City of Buffalo as a defendant.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 30, 2023.