UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NATHANIEL MYERS,

                    Plaintiff,

          v.

DET. ADAM WIGDORSKI, *et al.*,

                    Defendants

_____

**DECISION AND ORDER**

6:23-CV-06317 MAV CDH

## INTRODUCTION

*Pro se* plaintiff Nathaniel Myers ("Plaintiff") asserts claims of false arrest and illegal search and seizure in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 against defendants Det. Adam Wigdorski, P.O. Joseph Christopher, William Folckemer, and Christopher Schafer (collectively "Defendants"). (Dkt. 4). Specifically, Plaintiff alleges that on February 14, 2021, Defendants unlawfully searched his vehicle and person during a traffic stop and later arrested him without probable cause. (*See id.* at 6, 16-19; *see also* Dkt. 5 at 4-6).

Plaintiff has filed a motion for the appointment of counsel. (Dkt. 33). For the reasons that follow, Plaintiff's motion is denied without prejudice.

## BACKGROUND

The Court assumes familiarity with the factual and procedural background of this matter for purposes of this Decision and Order. The facts and procedure salient to the instant motion are summarized below.

This matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (*See* Dkt. 14; Dkt. 25). The operative pleading is the amended complaint filed on August 24, 2023. (Dkt. 4).

At the outset of this matter, United States District Judge David G. Larimer screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (Dkt. 3; Dkt. 5). Plaintiff was permitted to proceed to service on his claims that Defendants falsely arrested and illegally searched and seized him on February 14, 2021, in violation of the Fourth Amendment. (*See* Dkt. 3 at 3; *see also* Dkt. 5 at 8). Plaintiff's other claims were dismissed without leave to replead. (Dkt. 5 at 8-9).

On February 20, 2024, Judge Larimer denied a prior motion for appointed counsel (Dkt. 17), explaining that "Plaintiff ha[d] demonstrated his ability to pursue and present his claims" and had "failed to demonstrate that he [wa]s likely to succeed on the merits of the complaint." (Dkt. 19 at 2).

The Court entered a Scheduling Order pursuant to which fact discovery closed on September 26, 2024, and motions to compel were due on October 3, 2024. (Dkt. 21 at ¶ 4). The matter was reassigned from Judge Larimer to United States District Judge Meredith A. Vacca on September 13, 2024. (Dkt. 24).

Defendants filed a motion for summary judgment on January 27, 2025. (Dkt. 27). That motion is fully briefed and remains pending before Judge Vacca. (*See* Dkt. 27; Dkt. 31; Dkt. 32).

On January 5, 2026, Plaintiff filed the instant motion for appointment of counsel.[1] (Dkt. 33). Defendants have not filed a response to this motion, and their time for doing so has expired pursuant to Local Rule of Civil Procedure 7(b)(2)(B).

## DISCUSSION

### I.      Legal Standard

Unlike a defendant in a criminal matter, a civil litigant has no right to appointed counsel. *See, e.g., Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). The Court nevertheless has the discretion to appoint counsel to assist an indigent litigant pursuant to 28 U.S.C. § 1915(e). *See Sears, Roebuck and Co. v. Charles W. Sears Real Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). In exercising its discretion, the Court must consider carefully whether appointment of counsel is warranted in a particular civil matter, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

When deciding whether to grant a motion to appoint counsel in a civil case, courts in this Circuit consider various factors, including: (1) whether the claims seem likely to be of substance; (2) whether the litigant can investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal

---

[1]      Plaintiff reiterated his request in a letter dated January 20, 2026. (*See* Dkt. 34 at 2).

issues involved are complex; and (5) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). "Only after an initial finding that a claim is likely one of substance, will [a court] consider secondary factors[.]" *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citation omitted). "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the plaintiff's] chances of prevailing are therefore poor." *Id.*

## II.   <u>Plaintiff's Motion for Counsel is Denied</u>

Plaintiff's motion fails to make any argument as to why the Court should appoint him counsel. (*See* Dkt. 33 at 1). Nonetheless, the Court has analyzed the factors listed above.

As a preliminary matter, Plaintiff has not met the threshold requirement of demonstrating that his remaining claims are likely to be of substance. That these claims survived the Court's initial screening process does not necessarily indicate they are likely to be of substance. *See, e.g., Raynor v. Erfe*, No. 3:20-CV-1102(VLB), 2022 WL 972441, at *3 (D. Conn. Mar. 31, 2022) ("a complaint that survives initial review under § 1915A does not mean the indigent's position is likely to be of substance warranting appointment of counsel"). Moreover, neither the minimal discovery exchanged in this case nor Plaintiff's response to Defendants' pending motion for summary judgment provides a basis for the Court to conclude that Plaintiff's claims

are likely to be of substance. (*See* Dkt. 23; Dkt. 26; Dkt. 31); *see also Griggs v. Schmauss*, 668 F. Supp. 3d 168, 171 (W.D.N.Y. 2023) (denying motion to appoint counsel where pending motion for summary judgment raised "legitimate issues" as to "whether Plaintiff has evidence to support his claim").

Even though Plaintiff has failed to demonstrate that his claims are likely to be of substance, the Court has considered the remaining factors. Regarding the second factor, Plaintiff has demonstrated the "ability to understand and handle the litigation." *Griggs*, 668 F. Supp. 3d at 172; (*See* Dkt. 19 at 2 (Judge Larimer observing that Plaintiff "has demonstrated his ability to pursue and present his claims")). Plaintiff has litigated this case for over three years, has filed an amended complaint, and has responded to Defendants' motion for summary judgment. (*See* Dkt. 5 at 8; Dkt. 31). Plaintiff has also litigated several cases in this district. (*See* Dkt. 19 at 2). This factor weighs thus against appointment of counsel.

As for the third factor, Plaintiff has agreed with most of Defendants' version of events as set forth in their motion for summary judgment. (*See* Dkt. 31 at 1-2; *see also* Dkt. 32 at ¶ 2). Such agreement does not indicate that conflicting evidence implicating the need for cross-examination will play a major role in this case. As for the remaining two factors, Plaintiff's Fourth Amendment claims do not appear complex, and the Court cannot identify any special reasons why appointment of

counsel would lead to a more just determination of this case. Consequently, the applicable factors weigh against the appointment of counsel at this time.

The Court's determination is without prejudice to Plaintiff's ability to seek appointment of counsel in the event his claims survive summary judgment. *See, e.g.*, *Mitchell v. Annucci*, No. 9:19-CV-0718-MADML, 2019 WL 4126435, at *3 (N.D.N.Y. Aug. 30, 2019) ("Plaintiff's motion to appoint counsel is denied without prejudice. If this case survives summary judgment, the Court will likely appoint trial counsel.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for appointed counsel (Dkt. 33) is denied without prejudice.

SO ORDERED.

_____

COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
         July 28, 2026